IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CLARA C. GAITHER                                                              PLAINTIFF

v.                                   Case No. 4:11-cv-576-KGB

ARKANSAS FOUNDATION FOR
MEDICAL CARE                                                                  DEFENDANT

## OPINION AND ORDER

Plaintiff Clara C. Gaither brings this Title VII lawsuit alleging that defendant Arkansas Foundation for Medical Care ("AFMC") failed to promote her because of her race and age. Several motions are currently pending before the Court.

1.    **Procedural Background**

The Court recites portions of the procedural background in this matter, as it is relevant to the Court's analysis of the pending motions. At the time she filed *pro se* her initial complaint in Case No. 4:11-cv-576-KGB on July 20, 2011, Ms. Gather requested the appointment of counsel (Dkt. No. 3). That motion was denied on July 21, 2011, and Ms. Gaither was informed by that same order that she, as a *pro se* litigant, was "required to monitor the progress of [her] case, to prosecute or defend the action diligently, and to respond to any communication from the Court within thirty (30) days or [her] case could be dismissed without prejudice" (Dkt. No. 6). On May 18, 2012, Ms. Gaither filed a second motion to appoint counsel (Dkt. No. 32). That motion was denied May 30, 2012 (Dkt. No. 35). Ms. Gaither filed on June 8, 2012, what was essentially a motion for reconsideration of her request to appoint counsel (Dkt. No. 36), and her motion for reconsideration was denied on June 28, 2012 (Dkt. No. 37). On July 10, 2012, Ms. Gaither again filed a motion for appointment of counsel (Dkt. No. 38). The Court granted her motion and appointed counsel by order dated September 14, 2012 (Dkt. No. 44).

During this time, on June 19, 2012, Ms. Gaither filed her second complaint in Case No. 4:12-cv-373-KGB and requested that her cases be consolidated. AFMC did not object, and the Court granted consolidation.

### 2. AFMC's Motion to Dismiss and for Sanctions (Dkt. No. 40).

In this motion, AFMC moves to dismiss Ms. Gaither's initial complaint alleging that Ms. Gaither has "repeatedly failed and refused to diligently prosecute her case" (Dkt. No. 40, at 1). AFMC notes that Ms. Gaither failed to communicate with AFMC's counsel regarding the Rule 26(f) report, failed to provide initial disclosures, failed to respond to written discovery, and failed to appear for a deposition that AFMC noticed and reminded her of in writing in advance of the date for the deposition. Ms. Gaither provided AFMC with no explanation for her conduct or absence at the deposition. AFMC requests dismissal with prejudice, or, in the alternative, a dismissal without prejudice. AFMC also moves for sanctions, including the costs of the deposition noticed by AFMC and for which Ms. Gaither failed to appear.

After AFMC filed its motion to dismiss and for sanctions, the Court appointed Ms. Gaither counsel and provided Ms. Gaither and her lawyer with additional time to respond to the motion to dismiss (Dkt. No. 44). In her response to the motion to dismiss and for sanctions, Ms. Gaither alleges that her deficiencies in prosecuting the case were because she had made repeated attempts to secure court-appointed counsel and, absent counsel, Ms. Gaither was "not aware of her rights via discovery" (Dkt. No. 61, at 1). Ms. Gaither requests that the Court not sanction her due to the delay in appointment of counsel.

Ms. Gaither was served with the notice to take her deposition on or about May 2, 2012, and the notice set her deposition for June 20, 2012 (Dkt. No. 40-6). Based on the record before the Court, at no time from May 2 to June 20, 2012, did Ms. Gaither communicate with counsel

for AFMC to inform counsel for AFMC that she wished to postpone her deposition. That Ms. Gaither was proceeding *pro se* or had a motion to reconsider the second denial of her request for counsel pending does not excuse or properly explain her conduct.

Despite this, the Court finds that the motion to dismiss and for sanctions should be denied (Dkt. No. 40). The Court is not persuaded that it should dismiss Ms. Gaither's case or sanction her for an alleged failure to prosecute diligently her case or for her failure to appear at her deposition. Prior to filing the motion to dismiss and for sanctions, AFMC did not file any motions to compel Ms. Gaither to respond to outstanding discovery. For these reasons, the Court is not persuaded that it should dismiss Ms. Gaither's case or sanction her. Therefore, AFMC's motion to dismiss and for sanctions is denied (Dkt. No. 40). Ms. Gaither and her counsel are on notice, however, that all discovery requests must be objected or responded to timely. Further unexplained delays will not be tolerated by the Court.

> **3.    AFMC's Motion to Dismiss the Complaint in Case No. 4:12-cv-373-KGB for Failure to State a Claim (Dkt. No. 45).**

This lawsuit began as two separate lawsuits. Ms. Gaither moved to consolidate Case No. 4:12-cv-373-KGB into this case, Case No. 4:11-cv-576-KGB (Dkt. No. 39). Defendant responded to the motion to consolidate and joined in Ms. Gaither's request that the Court combine the two cases (Dkt. No. 42). In its response to the motion to consolidate, AFMC noted that it had not been served with the complaint in Case No. 4:12-cv-373-KGB. The Court granted Ms. Gaither's request to consolidate the two cases (Dkt. No. 43).

AFMC moves to dismiss the complaint in Case No. 4:12-cv-373-KGB alleging that Ms. Gaither failed to file this Title VII lawsuit within 90 days of receiving her right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). The complaint at issue was filed on

June 19, 2012 (Dkt. No. 1, at 1, Case. No. 4:12-cv-373-KGB).  The EEOC letter was issued on March 14, 2012 (Dkt. No. 1, at 4, Case. No. 4:12-cv-373-KGB).

"Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC." *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989).  The letter is presumed received three days after mailing.  *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984).  Ms. Gaither filed the complaint at issue 97 days after the EEOC letter was issued or 94 days after she is presumed to have received it.  The 90-day period is not a jurisdictional prerequisite to federal suit and is subject to the doctrine of equitable tolling.  *Hill*, 869 F. 2d at 1123-24 (citing *Zipes v. Trans World Airline, Inc.*, 455 U.S. 385 (1982)).

In response to this motion to dismiss, Ms. Gaither states that she does not remember when she received her right-to-sue letter but claims she "was aware of the deadline and asserts that she timely filed her claim."  She contends, in the alternative, that the motion should be denied because her pending motion for appointment of counsel prior to the filing of the complaint constitutes grounds for equitable tolling under *Hill* and *Brown* (Dkt. No. 63).  AFMC has replied and asserts that equitable tolling is inappropriate here in part because of a lack of diligence by Ms. Gaither (Dkt. No. 66).

Ms. Gaither offers no factual basis for her contention that she timely filed her claim.  Her contention is insufficient to establish that she filed suit within 90 days of receipt of the right-to-sue letter.  Therefore, the Court will examine the issue of equitable tolling.

In *Hill*, the Eighth Circuit states that the 90-day requirement is not jurisdictional and is subject to equitable tolling.  869 F.2d at 1123.  Equitable tolling is an exceedingly narrow window of relief.  *Pro se* status, lack of legal knowledge or legal resources, confusion about or

4

miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling. *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); *Jihad v. Hvass*, 267 F.3d 803, 805-07 (8th Cir. 2001) (unsuccessful search for counsel could not warrant equitable tolling). "Courts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff." *Hill*, 869 F.2d at 1124. That sentence from *Hill* is followed by a footnote that states, "The Supreme Court has held that equitable tolling is justified . . . where motion for appointment of counsel is pending." *Id.* at 1124 n.1 (citing *Brown,* 466 U.S. at 151 ). In *Brown*, the Supreme Court stated that "[t]his is not a case in which a claimant has received inadequate notice . . . or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon . . . ." 466 U.S. at 515.

AFMC argues these facts are different from those presented in *Brown*. The Court notes that Ms. Gaither states she was aware of the deadline, presumably referring to the 90-day deadline for filing. This statement rings true because her initial complaint was timely filed, *pro se*, within 90 days of her receipt of the right-to-sue letter for that charge. When Ms. Gaither filed her second complaint, it was filed as a separate action. Despite this, she did not request the appointment of counsel in that separate action. In fact, at no time prior to moving to consolidate the two actions did Ms. Gaither request the appointment of counsel in regard to her second complaint. Moreover, her second complaint was filed while her motion for reconsideration of

the appointment of counsel issue was pending. She did not wait to file her second complaint until after that pending motion was resolved.

Despite this, here, when Ms. Gaither filed the complaint at issue on June 19, 2012, in Case No. 4:12-cv-373-KGB, pending in this Court was Ms. Gaither's motion to appeal the denial of her second motion to appoint counsel (Dkt. No. 36). The appeal was denied by this Court on June 28, 2012 (Dkt. No. 37).

Based on these facts and the language of *Hill* and *Brown*, the Court is persuaded that grounds for equitable tolling exist because the appointment-of-counsel issue was still pending in this litigation at the time Ms. Gaither filed the complaint in Case No. 4:12-cv-373-KGB. The Court will apply the doctrine of equitable tolling. For this reason, the Court concludes that the complaint in Case No. 4:12-cv-373-KGB was not untimely and should not be dismissed for failure to state a claim for which relief can be granted. Therefore, AFMC's motion to dismiss the complaint in Case No. 4:12-cv-373-KGB for failure to state a claim is denied (Dkt. No. 45).

    **4.**    **AFMC's Second Motion to Dismiss the Complaint in Case No. 4:12-cv-373-KGB (Dkt. No. 56).**

AFMC filed a second motion to dismiss the complaint in Case No. 4:12-cv-373-KGB alleging that it was not properly served. AFMC states that 13 days after this Court consolidated Ms. Gaither's cases, as discussed above, it received a certified-mail envelope from Ms. Gaither that contained a summons for Case No. 4:12-cv-373-KGB but no complaint. Rule 4(c) of the Federal Rules of Civil Procedure requires that the summons be served with a copy of the complaint. AFMC states that more than 120 days have passed since the filing of the complaint at issue, and, because Ms. Gaither cannot establish good cause for her delay, the complaint should be dismissed under Rule 12. Attached to AFMC's motion is an affidavit from its CEO, Ray Hanley. The affidavit states he received a summons for Case No. 4:12-cv-373-KGB, a blank

proof of service document, and a notice of right to consent to disposition by a magistrate judge; the envelope did not contain a copy of the complaint (Dkt. No. 56-1, at 1).

Ms. Gaither responds that she has no evidence to refute this claim, but that, if no complaint was enclosed, it was "due to inadvertence" (Dkt. No. 62). Ms. Gaither says Rule 4(m) should excuse this mistake. AFMC has replied and stated that Rule 4(m) does not apply because inadvertence cannot constitute good cause (Dkt. No. 65).

Federal Rule of Civil Procedure 4(m) provides in part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In 1993, Rule 4(m) was amended to increase "a district court's discretion to extend the 120-day time period by authorizing the court 'to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.'" *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) (Fed. R. Civ. P. 4 advisory committee's note (1993)). "Thus, under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Id.*; *see also Colasante v. Wells Fargo Corp.*, 81 Fed. App'x 611, 612-13 (8th Cir. 2003).

If good cause is not shown, "[t]o warrant such an extension, a plaintiff must demonstrate excusable neglect." *Colasante*, 81 Fed. App'x at 613 (citing *Adams*, 74 F.3d at 887; *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)). For the purposes of Rule 60(b)(1) of the Federal Rules of Civil Procedure, "[e]xcusable neglect means good faith and

7

some reasonable basis for noncompliance with the rules." *United States v. Puig*, 419 F.3d 700, 702 (8th Cir. 2005) (quoting *Ivy v. Kimbrough*, 115 F.3d 550, 552 (8th Cir. 1997)).  The Eighth Circuit has described excusable neglect as "an elastic concept that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Kurka v. Iowa Cnty.*, 628 F.3d 953, 959 (8th Cir. 2010) (internal quotation marks omitted) (quoting *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (reviewing excusable neglect under Fed. R. Civ. P. 6)).  "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.*  In determining whether excusable neglect exists, the Eighth Circuit has looked to the following "particularly important" factors:  "(1) the possibility of prejudice to the defendant, (2) the length of delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007)).

In this case, Ms. Gaither has stated that her failure to include a copy of the complaint was due to inadvertence.  As an initial matter, the Court concludes this is not a case of good cause but rather a case of excusable neglect.

To determine whether excusable neglect exists, the Court applies the *Kurka* factors.  As to the first factor, the Court notes that before moving to dismiss the complaint in Case No. 4:12-cv-373-KGB, AFMC did not object to the consolidation of Ms. Gaither's two cases.  Thus, AFMC clearly had notice and was aware of the complaint in Case No. 4:12-cv-373-KGB.  The

Court is not convinced that the potential prejudice to AFMC weighs against a finding of excusable neglect. As to the second and third factors, the Court acknowledges that this litigation has been mired with delays. Some of the delay was due to Ms. Gaither's attempts to secure court-appointed counsel, the circumstances surrounding appointing her two different attorneys, and providing her court-appointed lawyer a chance to respond to AFMC's motions. Moreover, the Eighth Circuit's recognition that excusable neglect is an elastic concept that allows this Court to provide relief for inadvertence is convincing in this case. In the midst of her attempts to secure court-appointed counsel, Ms. Gaither filed the complaint at issue. In attempting to serve the complaint in Case No. 4:12-cv-373-KGB, Ms. Gaither failed to attach a copy of the complaint to her summons. The Court is not convinced that it should dismiss Ms. Gaither's complaint because of this oversight. The Court has no facts before it that demonstrate Ms. Gaither did not act in good faith.

Having applied the *Kurka* factors in making this equitable determination, and having considered all relevant circumstances, the Court concludes that Ms. Gaither's failure to attach a copy of the complaint to the summons is excusable neglect. AFMC's second motion to dismiss the complaint in Case No. 4:12-cv-373-KGB is denied (Dkt. No. 56). Ms. Gaither shall have an additional 30 days from the date of this Order to perfect service of the complaint in Case No. 4:12-cv-373-KGB.

### 5.   Ms. Gaither's Motion for Extension of Time (Dkt. No. 59).

Ms. Gaither's motion to extend the time to respond to AFMC's motions to dismiss is denied as moot (Dkt. No. 59).

\* \* \*

AFMC's motion to dismiss and for sanctions is denied (Dkt. No. 40). AFMC's motion to dismiss the complaint in Case No. 4:12-cv-373-KGB for failure to state a claim is denied (Dkt. No. 45). AFMC's second motion to dismiss the complaint in Case No. 4:12-cv-373-KGB is denied (Dkt. No. 56). Ms. Gaither has 30 days from the date of this Order to perfect service of the complaint in Case No. 4:12-cv-373-KGB. Ms. Gaither's motion for extension of time is moot (Dkt. No. 59).

SO ORDERED this the 25th day of February, 2013.

_____
Kristine G. Baker
United States District Judge