IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CLARA C. GAITHER**                                                                                    **PLAINTIFF**

**V.**                             **CASE NO. 4:11-CV-576 KGB**

**ARKANSAS FOUNDATION FOR MEDICAL CARE**                             **DEFENDANT**

### STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Defendant, Arkansas Foundation for Medical Care, by and through its attorneys, Cross, Gunter, Witherspoon & Galchus, P.C., submits the following Statement of Undisputed Facts in Support of its Motion for Summary Judgment:

1. On or about September 10, 2009, Plaintiff, Clara Gaither (Gaither) was offered and accepted a receptionist position at AFMC, and her employment began with AFMC on or about September 14, 2009. (Exhibit 1, Offer Letter; Exhibit 2, Gaither Depo., p. 69–70.)

2. Gaither held the receptionist position during the entire time that she worked at AFMC. (Exhibit 2, Gaither Depo., p. 72.)

3. AFMC had adopted a job description that summarized the receptionist position requirements. (Exhibit 3, Receptionist Job Description; Exhibit 2, Gaither Depo., p. 70–71.)

4. On May 2, 2012, AFMC sent notice to Gaither, who was on extended leave from work, that her employment was terminated effective on April 30, 2012, after Gaither advised AFMC that she would not be able to return to work after having exhausted all her available leave time. (Exhibit 4, Termination Letter; Gaither Depo., p. 81–82.)

5. Gaither acknowledged that she was not able to return from leave to work at AFMC. (Exhibit 2, Gaither Depo., p 84–90.)

6. AFMC maintained an Equal Employment Opportunity Non-Discrimination Policy and non-discriminatory Recruiting Policy in its Employee Handbook. (Exhibit 5, EEO Policy; Exhibit 6, Recruiting Policy; Exhibit 2, Gaither Depo. p. 73–77.)

7. Gaither acknowledged receipt of the Employee Handbook and that she was familiar with the Policies. (Exhibit 7, Handbook Acknowledgements; Gaither Depo., p. 73–77.)

8. On or about January 15, 2010, just a few months after Gaither was hired to the receptionist position, Gaither applied for an internal promotion at AFMC to a Health Information Technology (HIT) Program Coordinator position. (Exhibit 8, Internal Transfer Form.)

9. The HIT Program Coordinator position, based on the job description, required three (3) years experience in healthcare. (Exhibit 9, HIT Program Coordinator Job Description.)

10. The HIT Program Coordinator position also required experience in HIT or EHR (electronic health records). (*Id.*)

11. Gaither acknowledged that she did not have experience in HIT or EHR. (Exhibit 2, Gaither Depo., p. 93–95.)

12. AFMC granted Gaither an interview for the position, but she was not selected, because she was not the most qualified applicant. (Exhibit 10, John Clayborn Affidavit, at ¶ 3.)

13. Brittany Shachmut (22 year old white female), another internal candidate, was selected as the most qualified applicant, because her knowledge and experience performing similar duties as a Program Assistant with AFMC was more relevant to the position than Gaither's experience as a bus operator and receptionist. (*Id.*)

14. Shachmut was promoted effective May 24, 2010. (*Id.*)

15. On or about April 27, 2010, Gaither applied for an internal transfer to a Program Assistant position at AFMC. (Exhibit 11, Internal Transfer Form; Exhibit 12, Program Assistant Job Description.)

16. AFMC granted Gaither an interview for the positions (there were two (2) openings that were filled), but she was not selected, because she was not the most qualified applicant. (Exhibit 10, John Clayborn Affidavit, at ¶ 4.)

17. Gregory Green (56 year old black male), was selected as the most qualified applicant, because his bachelor's degree and eleven (11) years experience as a accounts payable analyst at Verizon Wireless was superior and more relevant to the position that Gaither's six (6) years experience as a bus operator and less than one (1) year experience as a receptionist. (*Id.*)

18. Jody Sonnier (29 year old white female) was selected because her experience as a certified nursing assistant in a nursing home was more relevant to the position working with AMFC's nursing home team than Gaither's experience as a bus operator and receptionist. (*Id.*)

19. Green and Sonnier were hired effective on June 21, 2010. (*Id.*)

20. On or about October 1, 2010, Gaither again applied for a Program Assistant position at AFMC. (Exhibit 13, Internal Transfer Form; Exhibit 14, Program Assistant Job Description.)

21. AFMC granted Gaither an interview for the Program Assistant position, but she was not selected, because she was not the most qualified applicant. (Exhibit 10, John Clayborn Affidavit, at ¶ 5.)

22. Rebecca Perez (28 year old Hispanic female), was selected as the most qualified applicant for the Program Assistant position, because her eight (8) years experience in several administrative positions at Oasis Outsourcing was more relevant to the position than Gaither's experience as a bus operator and receptionist. (*Id.*)

23. In addition, because the use of Microsoft Excel spreadsheets was a regular function of the position, the candidates were tested in the basics of Microsoft Excel. (*Id.*)

24. Perez scored significantly higher on the test than Gaither. (*Id.*)

25. Perez was hired effective November 9, 2010. (*Id.*)

26. On or about October 14, 2010, Gaither applied for a Computer Support Specialist position at AFMC. (Exhibit 15, Internal Transfer Form; Exhibit 16, Computer Support Specialist Job Description.)

27. AFMC granted Gaither an interview for the Computer Support Specialist position, but she was not selected, because she was not the most qualified applicant. (Exhibit 10, John Clayborn Affidavit, at ¶ 6.)

28. Samuel Moix (25 year old white male), was selected for the Computer Support Specialist position as the most qualified applicant, because his knowledge of

modern computer network systems and his recent experience as a computer support employee at Mayflower School District were superior to Gaither's computer-entry experience from the 1980's and 1990's.  (*Id.*)

29. Moix was hired effective November 9, 2010.  (*Id.*)

30. On or about June 30, 2011, Gaither applied for an HIT Program Coordinator position.  (Exhibit 17, Internal Transfer Form; Exhibit 18, HIT Program Coordinator Job Description.)

31. Prior to Gaither's interview for the position, AFMC cancelled the HIT Program Coordinator opening.  (Exhibit 10, John Clayborn Affidavit, at ¶ 7.)

32. The position was cancelled because AFMC Management determined that the position should be restructured to a higher level position, thereby requiring a candidate who had completed, at a minimum, a bachelor's degree.  (*Id.*)

33. The HIT Program Coordinator position, on the other hand, only required a high school diploma.  (*Id.*)

34. The new position, titled Senior Program Coordinator, HITArkansas, was posted after the HIT Program Coordinator position was cancelled.  (*Id.*; Exhibit 19, Senior Program Coordinator, HITArkansas Job Description.)

35. Gaither, who did not possess a bachelor's degree, did not apply for the Senior Program Coordinator, HITArkansas position.  (Exhibit 10, John Clayborn Affidavit, at ¶ 7.)

36. Jennifer Pagan (a 27 year old white female), an applicant with a bachelor's degree from the University of California, Davis, was hired to the Senior Program Coordinator, HITArkansas position effective on August 11, 2011.  (*Id.*)

37. Pagan's experience as a Research Assistant with the Arkansas Center for Health Improvement and her experience in establishing the Arkansas Office of Health Information Technology made her a more superior candidate than Gaither for the health information technology position. (*Id.*)

38. On November 29, 2011, Gaither applied for a Computer Support Specialist position. (Exhibit 20, Internal Transfer Form; Exhibit 21, Computer Support Specialist Job Description.)

39. Gaither was not selected for the position, because she was not the most qualified candidate. (Exhibit 10, John Clayborn Affidavit, at ¶ 8.)

40. Brent Carver (a 29 year old white male), an external applicant, was selected for the position because he was the most qualified candidate. (*Id.*)

41. Carver was a Microsoft Certified Professional and Microsoft Certified Technology Specialist. (*Id.*)

42. Carver had very recent experience maintaining computer networks and equipment in the United States Air Force, at Home Bancshares in Conway, Arkansas, and at Evolvent Technologies in Jacksonville, Arkansas. (*Id.*)

43. Carver's knowledge and experience regarding modern computer network systems was far superior to Gaither's. (*Id.*)

44. Carver was hired to fill the Computer Support Specialist position effective January 24, 2012. (*Id.*)

45. Gaither filed a charge against AFMC with the Equal Employment Opportunity Commission on December 27, 2010, alleging that she was denied promotions due to her race and age. (Exhibit 22, EEOC Charge.)

46. The charge was dismissed by the EEOC on May 23, 2011. (Exhibit 23, Dismissal and Notice of Rights.)

47. Gaither filed a second charge against AFMC with the EEOC on November 1, 2011, alleging that she was denied the promotion to the HIT position because of her race, age, and in retaliation for filing the previous charge. (Exhibit 24, EEOC Charge.)

48. The charge was dismissed by the EEOC on March 14, 2012. (Exhibit 25, Dismissal and Notice of Rights.)

49. Gaither acknowledged that the promotion decisions are the only basis for her charges of discrimination (e.g., there are no other reasons why Gaither believes she was discriminated against.) (Exhibit 2, Gaither Depo., p. 168–170, 178–179.)

50. Gaither received notice that she was not selected to fill the HIT Program Coordinator position filled by Brittany Shachmut on or before May 24, 2010, more than 180 days before she filed her first EEOC Charge. (Exhibit 2, Gaither Depo., p. 95–96.)

51. Gaither received notice that she was not selected to fill the Program Assistant positions filled by Gregory Green and Jody Sonnier on or before June 21, 2010, more than 180 days before she filed her first EEOC Charge. (Exhibit 2, Gaither Depo. p. 108–09.)

52. Gaither admitted that she has no direct evidence of discrimination on the part of AFMC. (Exhibit 2, Gaither Depo., p 167.)

53. The Program Coordinator, HIT position required a minimum of three (3) years experience in health information technology and electronic health records. (Exhibit 9, HIT Program Coordinator Job Description.)

54. Gaither admitted that she did not meet that minimum qualification requirement for the Program Coordinator, HIT position. (Exhibit 2, Gaither Depo., p. 94–95, 122.)

55. The Senior Program Coordinator, HITArkansas position required a Bachelor's degree and three (3) years experience in health care at a professional level, in addition to the Program Coordinator position requirements. (Exhibit 19, Senior Program Coordinator, HITArkansas Job Description.)

56. Gaither admitted that she did not meet the minimum qualification requirement for the Senior Program Coordinator position. (Exhibit 2, Gaither Depo., p. 127–28.)

57. The Computer Support Specialist position required a minimum of two (2) years in a computer support role including the following areas: Windows Server and environment experience; Network Cabling, all hardware, HUB and Router experience, disk mapping; Proficient in Windows OS and applications, proficient in MS Office. (Exhibit 16, Computer Support Specialist Job Description.)

58. Gaither admitted that she had no experience in network cabling or hardware, HUB and router, or disk mapping, and that her proficiency in Windows operating systems was lacking. (Exhibit 2, Gaither Depo., p. 100–03.)

59. Gregory Green's eleven (11) years experience as an accounts payable analyst at Verizon Wireless was more relevant to the Program Assistant position than Gaither's experience as a bus operator and receptionist. (*Id.* at ¶ 4.)

60. Green, a 56-year-old black male, was a member of Gaither's protected groups. (*Id.*)

61. Jody Sonnier's experience as a certified nursing assistant in a nursing home was more relevant to the Program Assistant position working with AMFC's nursing home team than Gaither's experience as a bus operator and receptionist.  (*Id.*)

62. Rebecca Perez's eight (8) years experience in several administrative positions at Oasis Outsourcing was more relevant to the Program Assistant position than Gaither's experience as a bus operator and receptionist.  (*Id.* at ¶ 5.)

63. Perez scored significantly higher on the Microsoft Excel test than Gaither.  (*Id.*)

64. Samuel Moix's knowledge of modern computer network systems and his more recent experience as a computer support employee at Mayflower School District were superior to Gaither's computer-entry experience from the 1980's and 1990's with relation to the Computer Support Specialist position.  (Exhibit 10, John Clayborn Affidavit, at ¶ 6.)

65. Brent Carver's knowledge and experience regarding modern computer network systems, including his Microsoft certifications and recent experience at Home Bancshares and Evolvent Technologies, was far superior to Gaither's.  (*Id.* at ¶ 8.)

66. Jennifer Pagan's experience as a Research Assistant with the Arkansas Center for Health Improvement, her experience in establishing the Arkansas Office of Health Information Technology, and her completion of a bachelor's degree, made her a superior candidate than Gaither for the Senior Program Coordinator – HITArkansas position.  (*Id.* at ¶ 7.)

67. Gaither had been interviewed for the HIT Program Coordinator position in the past year or so by the same people doing the interviewing and hiring for the second Program Coordinator opening. (*Id.* at 125–26.)

68. The fact that Gaither filed a charge of discrimination with the Equal Employment Opportunity Commission played no role in the selection of candidates for the positions that Gaither applied for. (Exhibit 10, John Clayborn Affidavit, at ¶ 9.)

69. The candidates for the positions that Gaither applied for were selected based on their qualifications, including education and experience, relevant to the position. (*Id.*)

70. Gaither admitted that she had no evidence that AFMC's decisions to promote or hire other candidates had anything to do with her race, color, or age. (*Id.* at 142–43.)

71. Gaither admitted that she was not more qualified than any of the candidates selected to the positions she applied for. (*Id.* at 128–30, 133–37.)

          Respectfully submitted,

          Carolyn B. Witherspoon (Ark. Bar #78172)
          Email: cspoon@cgwg.com
          J. E. Jess Sweere (Ark. Bar #05285)
          Email: jsweere@cgwg.com
          Cross, Gunter, Witherspoon & Galchus, P.C.
          500 President Clinton Avenue, Suite 200
          Little Rock, Arkansas 72201
          Phone: (501) 371-9999
          Fax: (501) 371-0035

          By: */s/ J. E. Jess Sweere*
              J. E. Jess Sweere

**CERTIFICATE OF SERVICE**

      I do hereby certify that on July 18, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Michael C. Angel
Law Offices of Michael C. Angel
P. O. Box 23210
Little Rock, AR 72221

                                              */s/ J. E. Jess Sweere*